*Carter, for appellant.*

---

DUNCAN FLOOD & CO. *v.* W. R. NUTTER ET AL.

New Trial—Grounds for Failure to Prepare—Failure to Answer.
    A defendant, if not informed by their attorney of the situation of their suit, must inquire of the action, and file their answer within the prescribed time, the negligence of their attorney in failing to notify them, not being grounds for a new trial.

Pleading—Allegations in Petition Sufficient.
    Allegations in substance of a promise to pay one "Sebree the difference on 43 hogs which he purchased at $5.75 per hundred and delivered to them at $6.00 per hundred," the difference in price amounting to $40.00, sufficient to constitute a cause of action.

APPEAL FROM JEFFERSON CIRCUIT COURT.    C. P. DIV.

April 22, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

The peculiar circumstances of this case have induced the court to consider it with more than ordinary care.

The sufficiency of the 2nd, 3rd and 4th paragraph of the peti·tion is called· in question by one of the learned counsel for appellants, and his objection will be first disposed of.

In the 2nd paragraph it is expressly alleged that Sebree was engaged 17 days in weighing and driving hogs for appellants for which they agreed and promised to pay him $3 per day. And in the 3rd it is alleged that they were indebted to him in the sum of $29.35 for expenses incurred by him in managing, driving, and shipping hogs by rail to Louisville for them, and for which they agreed and promised to pay, &c. The services are here distinctly set out, with the averment in each paragraph of their performance.

As to the 4th paragraph there was an apparent difficulty, the cause of action is not explicitly stated, and the meaning not clearly expressed; but upon examination the indebtedness is substantially alleged to arise on a promise by appellants to pay *Sebree,* the difference on 43 hogs which he purchased at $5.75 per hundred, and· delivered to them at $6 per hundred that dif·ference in the price amounting to $40 and thus understood, the cause of action is made out.

Nor could the judgment be set aside on the other grounds relied upon with a departure from long and well established rules.

While the attention of the attorney was taken from this case by pressing engagements, and perhaps the more clamerous calls of other clients; appellants themselves have shown no diligence whatever. The summons was executed on Floyd the 24th of June, and on Long the 13th of July, whereby they were warned to answer in 20 days, and although it was not then served on Duncan, he in July engaged the services of General Harlan to defend the action, so that all the partners were fully aware of the existence of the action, and still it does not appear that either of them ever called on their attorney from the time of his employ-ment, until after the judgment was rendered, which must have been a space of nearly three months. The summons informed appellants that Butler was a party plaintiff in the action, and if they failed to give their attorney the style of the suit, and

he was deceived thereby, they alone were in default. But they knew that in order to avail themselves of their defense they must put in an answer, they also knew that the answer was due in 20 days from the service of the summons, and if their attorney failed to call, and inform them of the situation of the suit within the time, it was their duty to inquire into the matter, and prepare their case for trial. But according to their own showing, they never inquired into the progress of their suit, and never had an interview with their attorney, from the time they engaged · his services, until after the judgment was rendered against them, a period of nearly three months.

If for such reasons as are set forth and relied upon in this case, judgments can be set aside, negligence in suitors will be licensed, and all confidence in the stability of judicial proceedings destroyed. Sufficient grounds for a new trial are not made out, and it cannot be granted without disregarding the well established rules on the subject of granting new trials, approved and adhered by the wisdom of long years.

Wherefore the judgment must be *affirmed*.

*James, Harlan, for appellant.*

*Eastin, Castleman, for appellee.*